1
2
3
4
5
6
7
8
9
10
11   # UNITED STATES DISTRICT COURT
12   ## SOUTHERN DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| 14   NOE ORGAZ-VEGA, | CASE NO. 08-CV-2114W |
| 15                        Defendant-Petitioner, | 04-CR-3111W |
| 16   v. | **ORDER DENYING** |
| 17 | **PETITION FOR WRIT OF** |
| 18   UNITED STATES OF AMERICA, | **HABEAS CORPUS [DOC. 99],** |
| 19                              Respondent. | **MOTION TO AMEND ISSUES [DOC. 128], AND CERTIFICATE OF APPEALABILITY** |

20       On November 14, 2008, Petitioner Noe Orgaz-Vega ("Petitioner"), a federal

21   prisoner proceeding *pro se*, commenced this Section 2255 habeas corpus proceeding. On

22   July 7, 2009, Respondent United States of America ("Respondent") filed its opposition.

23   After numerous extensions of time, on May 24, 2010, Petitioner filed his response.

24   Along with the response, Petitioner also filed a motion to amend the issues presented

25   in the petition (Doc. 128).

26       The Court decides the matter on the papers submitted and without oral

27   argument.  See  Civil Local Rule 7.1 (d.1).  For the reasons stated below, the Court

28   **DENIES** the petition (Doc. 99), and **DENIES** the motion to amend (Doc. 128).

# I.   BACKGROUND

On November 12, 2004, at approximately 7:30 p.m., a seismic sensor alarm was set off at the United States-Mexico border in the area of Andrade, California. (Doc. 31.[1]) In response, Border Patrol agents stationed themselves on a road approximately one mile north of the sensor.  They waited there until approximately 7:45 p.m., at which time they observed two vehicles approaching from the south.  Following a short chase, the agents apprehended the 36 occupants of the two vehicles, including Petitioner.

Petitioner was charged with and convicted of Reentry after Deportation in violation of 8 U.S.C. § 1326. (See Doc. 4 (indictment); Doc. 68 (verdict); Doc. 76 (judgment).) On November 14, 2008, Petitioner filed his motion to vacate based on the claim that he was denied effective assistance of counsel in violation of his Sixth Amendment rights (the "Petition").  On July 7, 2009, Respondent filed its opposition, and on May 24, 2010, Petitioner filed his response and motion to amend the issues presented.

# II.   DISCUSSION

To prevail on an ineffective assistance of counsel claim, Petitioner must prove that his defense was prejudiced by his attorney's deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984).  Petitioner bears the burden of establishing both elements: his attorney's deficient performance, and prejudice. U.S. v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).

Given the "distorting effects of hindsight," in evaluating an ineffective assistance of counsel claim, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Petitioner may establish prejudice only by demonstrating a reasonable probability that but for his attorney's error, the outcome of his trial would have been different. Id. at

---

[1]All docket references refer to Case No. 04-CR-3111.

08cv2114 / 04cr3111

694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

Petitioner advances two theories in support of his ineffective assistance of counsel claim: (1) that his counsel failed to raise a defense of United States citizenship prior to trial; and (2) that counsel failed to adequately raise a defense of "official restraint." Respondent contends that neither claim has merit. For the following reasons, the Court agrees.

### A.      Petitioner's Alienage was Effectively Litigated

Petitioner alleges that his counsel was ineffective because his defense of citizenship was raised during, but not prior to, trial.  This claim, however, is inaccurate. Petitioner's counsel filed a pre-trial motion under § 1326(d) challenging the validity of Petitioner's deportation. (See Mt. in Limine [Doc. 25]; see also Memo of Ps & As [Doc. 26], 25:20-28:23.)

Additionally, on November 30, 2004, over a year before trial, a detention hearing was held to determine the history and characteristics of the Petitioner.  After the presentation of evidence as to Petitioner's citizenship, the Magistrate Judge determined Petitioner to be a citizen of Mexico and that he was "[p]reviously deported from the United States and has no legal right to remain or work in the United States." (Doc. 5 at 2.)

Furthermore, the trial transcript confirms that Petitioner's counsel called witnesses who testified that Petitioner was born in the U.S.  (See e.g. 4/12/06 Trial Transcript, Vol. II [Doc. 86], 163:7–166:17; 189:17–190:10; 199:22–202:4.)  Thus, the trial transcript also contradicts Petitioner's claim.

Finally, alienage is an element of the offense and must be proved by the government beyond a reasonable doubt. See United States v. Gracidas-Ulibarry, 231 F.3d 1188, 1196 (9th Cir. 2000) (en banc). Therefore, Petitioner's counsel necessarily

1    and properly litigated the issue of citizenship before trial, and at trial. Accordingly,
2    Petitioner's first claim of ineffective assistance of counsel lacks merit.

3

4    **B.    Counsel Was Not Ineffective For Not Advocating an Official Restraint**
5           **Defense**

6           Petitioner next alleges that his counsel was ineffective because he did not advance
7    the theory that Petitioner was under "official restraint" and thus had not entered the
8    United States within the meaning of "entry" defined by the Ninth Circuit. United States
9    v. Castellanos-Garcia, 270 F.3d 773, 775 (9th Cir. 2001) (finding aliens have not
10   "entered" if they are under "official restraint," or under constant observation, "from the
11   moment [they] set foot in this country until the moment of [their] arrest.") Petitioner's
12   theory, however, is not supported by record.

13          According to the trial transcript, Petitioner was discovered after agents responded
14   to a seismic sensor alarm. (*See 4/11/06 Trial Transcript, Vol. I*, 55:3–58:23; *4/12/16 Trial*
15   *Transcript, Vol. II*, 146:19–149:11.)   Petitioner was, therefore, neither observed nor
16   placed under official restraint until well after he entered the United States.
17   Accordingly, Petitioner's ineffective assistance of counsel claim lacks merit. See United
18   States v. Pacheco-Medina, 212 F.3d 1162 (9th Cir. 2000) (holding that when an alien
19   crosses a fence at the physical border, but is not stymied until fifty yards inside the
20   border, he has "entered" the United States and "was at no instance up until the moment
21   of his arrest under any type of official restraint.")

22

23   **C.    Petitioner's Motion to Amend is Denied**

24          Petitioner seeks to amend the issues presented in the Petition.  But the issues
25   Petitioner seeks to add are either not appropriate in a section 2255 proceeding, or are
26   essentially duplicative of the issues raised in the Petition.

27

28

Most of the issues Petitioner seeks to add to the Petition are not appropriate on a section 2255 motion. Relief under section 2255 is only available for: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Pough v. U.S., 442 F.3d 959, 964 (6th Cir. 2006). The reason is that when Congress enacted section 2255, "it simplified the procedure for making a collateral attack on a final judgment entered in a federal criminal case, but it did not purport to modify the basic distinction between direct review and collateral review." U.S. v. Addonizio, 422 U.S. 178, 184 (1979). Thus, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." Id. Notwithstanding this limitation, Petitioner seeks to add issues involving, for example, whether this Court abused its discretion in not granting his Rule 29 motion. (See Mt. Amend., p.4, Issue L.) That issue, as well as issues F, I, J, K, M, N, O, P and Q in the motion to amend simply do not implicate an error of constitutional magnitude, and should have been raised on direct appeal. Therefore, his request to add these issues is denied.

Next, Petitioner raises additional ineffective assistance of counsel claims that are duplicative of the issues already dealt with in this order. Petitioner again alleges that counsel failed to properly litigate his alienage in issues A, B, C, E and H. These issues have already been addressed in subsection A of this order. Issue G again argues an official restraint defense, a claim addressed in subsection B. Finally, Petitioner argues in issue D that counsel was ineffective for presenting a probation officer as a witness. But the trial transcript shows that this witness was called by the defense to testify about Petitioner's alleged U.S. citizenship (see 4/12/16 Trial Transcript, Vol. II [Doc. 86-1], 239:22–241:12), a defense Petitioner continues to passionately advance. Accordingly, Petitioner's request to add the above issues is denied.

1   **III.   CONCLUSION AND ORDER**

2       In light of the foregoing, the Court **DENIES** the Petition (Doc. 99), and **DENIES**

3   the motion to amend (Doc. 128).  The Court also **DENIES** a certificate of appealability.

4

5       **IT IS SO ORDERED.**

6

7   DATED:  July 2, 2010

8                                      Hon. Thomas J. Whelan

9                                      United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv2114 / 04cr3111